UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **Tyrone Young** and **Adam Koontz**, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>     Plaintiffs,<br><br>vs.<br><br>**New Mexico Children, Youth & Families Department**, and **The State of New Mexico**,<br><br>     Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Tyrone Young ("Plaintiff Young") and Adam Koontz ("Plaintiff Koontz"), on behalf of themselves and all other persons similarly situated who are current or former Juvenile Corrections Officer Supervisors[1] of Defendants who agree in writing to join this action ("Collective Members" and "Class Members) (collectively "Plaintiffs"). and by and through the undersigned attorney(s), sue the Defendants, New Mexico Children, Youth & Families Department ("Defendant CYFD") and The State of New Mexico (collectively "Defendants"); and allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs Young and Koontz and other similarly-situated employees all earned overtime wages.

---

[1] For the purposes of this Complaint, "Juvenile Corrections Officer Supervisor" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and putative class, and does not necessarily have a bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

2.      This lawsuit also arises under New Mexico Statutes Ann. § 50-4 *et seq.,* ("NMSA Minimum Wage Act") for Defendants' failure to pay Plaintiffs Young and Koontz and other similarly-situated employees all overtime wages.

3.      Plaintiffs Young and Koontz, individually, and on behalf of all others similarly situated, bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

4.      Plaintiffs Young and Koontz, individually, and on behalf of all others similarly situated, bring this action against Defendants for their unlawful failure to pay overtime due and owing Plaintiffs and others similarly situated in violation of the NMSA Minimum Wage Act § 50-4 *et seq*.

5.      Plaintiffs Young and Koontz bring a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly situated Juvenile Corrections Officer Supervisors, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

6.      Additionally, Defendants' failure to compensate Plaintiffs Young and Koontz and all other non-exempt Juvenile Corrections Officer Supervisors at a rate equal to one and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek violates NMSA § 50-4-22.  Plaintiffs Young and Koontz, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages and other damages owed under the NMSA Minimum Wage Act.  Members of the Rule 23 Class Action are referred to as the "Class Members."

7.     The Collective Members are all current and former Juvenile Corrections Officer Supervisors who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

8.     The Class Members are all current and former Juvenile Corrections Officer Supervisors who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

9.     Defendants own and operate a collection of juvenile detention facilities throughout New Mexico which are the subject of this lawsuit.

10.     That collection of juvenile detention facilities includes at least five facility locations throughout the State of New Mexico.

11.     aAt all relevant times, Defendants have engaged in a policy and/or practice of paying their employee Juvenile Corrections Officer Supervisors, including Plaintiffs and the Collective Members and the Class Action Members, an hourly wage rate for all time worked, regardless of the number of hours they work, and regardless of whether the number of hours they work exceeds 40 hours in a given workweek.

12.     At all relevant times, pursuant to Defendants' policy and practice, Defendants did not pay Plaintiffs, the Collective Members, and the Class Members one and one-half times their regular rates of pay for time worked in excess of 40 hours in a given workweek.

13.     Instead, at all relevant times, pursuant to Defendants' policy and practice, Defendants paid Plaintiffs, the Collective Members, and the Class Members their regular hourly rates of pay ("straight-time") for all time they worked in excess of 40 hours in a given workweek and did not pay any overtime premium whatsoever for such time worked.

3

14.     The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

15.     NMSA § 50-4-22(D) requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

16.     Therefore, Defendants subjected Plaintiffs Young and Koontz, the Collective Members, and the Class Members to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207 and NMSA § 50-4-22(E).

17.     Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under New Mexico law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

4

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs Young and Koontz, the Collective Members, and the Class Members occurred within the District of New Mexico, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

20.     Plaintiffs Young and Koontz, the Collective Members, and the Class Action Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

21.     Plaintiff Young is an individual residing in Bernalillo County, New Mexico, and is employed as a Juvenile Corrections Officer Supervisor by Defendants at their New Mexico Youth Diagnostic & Development Center ("YDDC"), located at 4000 Edith NE Albuquerque, New Mexico 87107.

22.     Plaintiff Young has been employed as a Juvenile Corrections Officer Supervisor at Defendants' New Mexico Youth Diagnostic & Development Center, located at 4000 Edith NE Albuquerque, New Mexico 87107 since approximately June 2012.

23.     Plaintiff Koontz is an individual residing in Bernalillo County, New Mexico, and is employed as a Juvenile Corrections Officer Supervisor by Defendants at their New Mexico Youth Diagnostic & Development Center, located at 4000 Edith NE Albuquerque, New Mexico 87107.

24.     Plaintiff Koontz has been employed as a Juvenile Corrections Officer Supervisor at Defendants' New Mexico Youth Diagnostic & Development Center, located at 4000 Edith NE Albuquerque, New Mexico 87107 since approximately September 2015.

25.     At all material times, Plaintiffs Young and Koontz were paid by Defendants at an hourly rate.

26.     Defendants employed Plaintiffs Young and Koontz to perform various non-exempt duties, including, but not limited to, overseeing their respective units within the YDDC facility, including monitoring and supervising detainees, reviewing incidents, writing reports, and supervising various units located within the facility.

27.     At all material times, Plaintiffs Young and Koontz were employees of Defendants as defined in 29 U.S.C. § 203(e)(1), employees as defined in NMSA § 50-4-1, non-exempt employees under 29 U.S.C. § 213(a)(1), and non-exempt employees as defined by NMSA § 50-4-21(C).

28.     Plaintiffs Young and Koontz have given their written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are attached hereto as "**Exhibit A**."

29.     At all relevant times, Defendant CYFD is Plaintiffs', the Collective Members', and the Class Action Members' employers as defined by the FLSA, 29 U.S.C. § 203(d).

30.     Under the FLSA, and at all relevant times, Defendant CYFD is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant CYFD had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant CYFD is subject to liability under the FLSA. ko

31.     As such, at all relevant times, Defendant CYFD is Plaintiffs', the Collective Members', and the Class Action Members' "employer," as defined by the Minimum Wage Act, NMSA § 50-4-21(B).

32.     At all relevant times, Defendant The State of New Mexico is Plaintiffs', the Collective Members', and the Class Action Members' employers as defined by the FLSA, 29 U.S.C. § 203(d).

33.     Under the FLSA, and at all relevant times, Defendant The State of New Mexico is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The State of New Mexico had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant The State of New Mexico is subject to liability under the FLSA.

34.     As such, at all relevant times, Defendant The State of New Mexico is Plaintiffs', the Collective Members', and the Class Action Members' "employer," as defined by the Minimum Wage Act, NMSA § 50-4-21(B).

**DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "JOINT EMPLOYER"**

35.     Defendants own and operate a collection of juvenile detention facilities throughout New Mexico.

36.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform

related activities through unified operation and common control for a common business purpose; namely, the operation of a collection of juvenile detention facilities throughout New Mexico.

37.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

38.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned collection of juvenile detention facilities throughout New Mexico.

39.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized system, which is an economic unit directed to the accomplishment of a common purpose.

40.     Defendants share common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

41.     At all relevant times, Defendant The State of New Mexico and Defendant CYFD are joint employers of Plaintiffs, the Collective Members, and the Class Action Members.

42.     At all relevant times, Defendant The State of New Mexico has contracted with Defendant CYFD, an intermediary that directly employs workers who work on behalf of The State of New Mexico.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

43.     Plaintiffs Young and Koontz and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

44.     Plaintiffs Young and Koontz assert those claims on behalf of themselves, and on behalf of all similarly situated Juvenile Corrections Officer Supervisors employed by

Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

45.     Plaintiffs Young and Koontz seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any location owned or operated by Defendants in the job position of Juvenile Corrections Officer Supervisor and who are or were paid for their work on an hourly basis, and who are or were paid straight-time for time worked in excess of 40 hours in a given workweek anytime, anytime starting <u>three years before this lawsuit was filed up to the present</u>.**

46.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs Young and Koontz and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

47.     Upon information and belief, Defendants have employed hundreds of Juvenile Corrections Officer Supervisors during the period relevant to this action.

48.     The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

49.     Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed

9

to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their

FLSA claims.

50.     Collective adjudication is appropriate in this case because the employees whom

Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have

performed work similar to Plaintiffs; and have been subject to compensation practices similar to

those to which Plaintiffs have been subjected, including unlawful failure to pay overtime for time

worked in excess of 40 hours in a given workweek.

<strong><u>NEW MEXICO CLASS ACTION ALLEGATIONS</u></strong>

51.     Plaintiffs Young and Koontz bring their New Mexico wage claims as a Rule 23

class action on behalf of the following Class Action Members:

> **All individuals who worked at any time during the past three years at any location owned or operated by Defendants in the job position of Juvenile Corrections Officer Supervisor and who are or were paid for their work on an hourly basis, and who are or were paid straight-time for time worked in excess of 40 hours in a given workweek anytime, anytime starting <u>three years before this lawsuit was filed up to the present</u>.**

52.     <u>Numerosity</u>.  The number of Class Action Members is believed to be in the

thousands.  This volume makes bringing the claims of each individual Class Action Member

before this Court impracticable.  Likewise, joining each individual Class Action Member as a

plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members

will be determined from Defendants' records, as will the compensation paid to each of them.  As

such, a class action is a reasonable and practical means of resolving these claims.  To require

individual actions would prejudice the Class Action Members and Defendants.

53.     <u>Typicality</u>.  Plaintiffs Young and Koontz's claims are typical of the Class Action

Members because like the Class Action Members, Plaintiffs Young and Koontz were subject to

10

Defendants' company-wide policies and practices and was compensated in the same manner as the other Class Action Members.  Defendants did not pay Plaintiffs Young and Koontz or the Class Action Members an overtime premium for time spent working in excess of 40 hours in a given workweek.

54.     As a result of such policy and practice by Defendants, Defendants violated the overtime wage provisions of NMSA § 50-4-22.

55.     <u>Adequacy</u>.  Plaintiffs Young and Koontz are representative parties who will fairly and adequately protect the interests of the Class Action Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under New Mexico law.  Plaintiffs Young and Koontz have retained attorneys who have expertise in both class actions and wage and hour litigation.  Plaintiffs Young and Koontz do not have any interest that may be contrary to or in conflict with the claims of the Class Action Members he seeks to represent.

56.     <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.      The number of hours Plaintiffs Young and Koontz and the Class Action Members worked per workweek during their employment with Defendants;

b.      The

c.      Whether Defendants failed to pay Plaintiffs Young and Kootnz and the Class Action Members an overtime wage for all hours worked;

57. Common issues of law include, but are not limited to:

    a.   Whether Defendants properly withheld all overtime wages from Plaintiffs Young and Koontz and the Class Members;

    b.   Whether Plaintiffs Young and Koontz and the Class Action Members are exempt employees under the NMSA;

    c.   Whether Plaintiffs Young and Koontz and the Class Members are entitled to compensatory damages;

    d.   The proper measure of damages sustained by Plaintiffs Young and Koontz and the Class Members; and

    e.   Whether Defendants' actions were "willful."

58.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action Members could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

59.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Action Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendants' records.

60.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform and company-wide; (2) the burden is on Defendants to prove they properly compensated its employees; (3) the burden is on Defendants to accurately record hours worked by employees; and (4) the burden is on Defendants to prove they complied with the NMSA.

61.     Ultimately, a class action is a superior forum to resolve the New Mexico state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs Young and Koontz and the Class Action Members according to applicable New Mexico laws.

62.     <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Class Action Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## COUNT ONE: FAIR LABOR STANDARDS ACT UNPAID OVERTIME

63.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

64.     Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

65.     Defendants operated pursuant to their policy and practice of not paying Plaintiffs and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

66.     While employed by Defendants, Plaintiffs and the Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for such time.

67.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

68.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

69.     Plaintiffs and the Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

70.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

71.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

72.     As a result of Defendants failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one- and one-half times Plaintiffs' and the Collective Members'

14

regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Tyrone Young and Adam Koontz, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Young and Koontz and the Collective Members' favors, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: NMSA MINIMUM WAGE ACT
## UNPAID OVERTIME

73.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

74.     Plaintiffs and the Class Action Members were non-exempt employees entitled to the statutorily mandated overtime wages.

75.     NMSA § 50-4-22(D) requires an employer to pay a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek. Overtime exemptions under the New Mexico Minimum Wage Act are more narrowly defined than those of the FLSA and are enumerated in NMSA § 50-4-24.  None of the exemptions enumerated in NMSA § 50-4-24 apply to Plaintiffs or the Class Members.

76.     The NMSA prohibits employers from not paying employees at one and one-half times their regular rate of pay for hours worked in excess of forty hours in any given workweek.

15

Instead, the NMSA requires that employees be paid at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours in any given workweek.

77. As a result of Defendants' failure to pay Plaintiffs Young and Koontz and the Class Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants did not pay Plaintiffs Young and Koontz and the Class Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of NMSA § 50-4-22(D).

78. Under the NMSA Minimum Wage Act, any employer who fails to pay its employees overtime wages as required by law is liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages. NMSA § 50-4-26(C). Defendants are liable as alleged herein and owe such damages and interest to Plaintiffs Young and Koontz and the Class Members.

79. Defendants are further liable for Plaintiffs Young and Koontz' and the Class Members' reasonable attorney fees and costs pursuant to NMSA § 50-4-26(E).

**WHEREFORE**, Plaintiffs, Tyrone Young and Adam Koontz, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs Young and Koontz' and the Class Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal to two times all unpaid minimum and overtime wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this March 2, 2020.

16

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com


BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau (*pro hac vice forthcoming*)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

17