IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| TYRONE YOUNG and ADAM KOONTZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>          Plaintiffs,<br><br>vs.<br><br>NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT,<br><br>          Defendant, | Case No.  20-CV-0179-NDF |

## ORDER ON MOTION TO DISMISS

This matter comes to the Court by motion to dismiss Plaintiffs' First Amended Class and Collective Action Complaint filed by New Mexico Children, Youth & Families Department (New Mexico). CM/ECF Document ("Doc") 7.  New Mexico argues it is immune from liability under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), there is no private cause of action under the State Rules Act or the New Mexico Administrative Code (NMAC) for failure to pay overtime, and Plaintiffs fail to state a claim for breach of contract.  Plaintiffs oppose dismissal arguing (1) New Mexico has waived its immunity to the FLSA; (2) New Mexico has adopted the overtime provisions of the FLSA as state law for paying state employees; and (3) Plaintiffs have stated a claim for breach of

contract.  For the reasons that follow, New Mexico's motion to dismiss Plaintiffs' claim alleging violations of FLSA is granted as the Court lacks subject matter jurisdiction to adjudicate direct FLSA claims seeking damages against New Mexico.  The state law claims are dismissed on the basis that the Court declines to exercise supplemental jurisdiction.

## Relevant Factual and Procedural Background

The two named plaintiffs, Young and Koontz, have been employed as juvenile corrections officers to work at New Mexico's juvenile detention centers. Doc. 5, ¶¶ 27-30. As alleged, New Mexico pays its juvenile corrections officers an hourly wage and does not pay an overtime premium,[1] despite rules which require paying an overtime premium and a 2016 agreement promising the premium payment.[2] *Id.* at ¶¶ 12, 15-18, 21; Doc. 5-1, p. 2. By their First Amended Complaint, Plaintiffs allege Defendant's past and current pay practices violate the overtime provisions of the FLSA, violate the overtime provisions of New Mexico law relating to state employees, and breach the agreement to pay an overtime premium.  New Mexico now seeks dismissal of all counts pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6).

## Relevant Legal Standards

"To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[1] The FLSA, 29 U.S.C. § 207 generally requires employers pay non-exempt employees no less than one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  As alleged, New Mexico's practice is to pay Plaintiffs at their regular hourly rates of pay ("straight-time") for overtime. Doc. 5, ¶ 14.
[2] The referenced agreement is a letter stating "[o]vertime may be compensated as cash payment or the accrual of compensatory time (i.e., comp time) at the rate of one and one-half times each hour worked beyond 40. Doc. 5-1, p. 2.

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving a motion under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation omitted). But a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

New Mexico's assertion of Eleventh Amendment sovereign immunity implicates the Court's subject-matter jurisdiction, and therefore the issue must be addressed before reaching the merits. *See, e.g., U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 941–42 n.8 (10th Cir. 2008); *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018). This is because sovereign immunity protects the State not only from liability but also from suit. *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). The burden is on Plaintiffs to show that the Eleventh Amendment does not bar their claims. *Havens*, 897 F.3d at 1260.

### Discussion

Plaintiffs do not dispute that their federal overtime claim is barred **unless** New Mexico has waived its constitutional immunity from private suits for damages based on a violation of the FLSA. *See, e.g., Cockrell v. Bd. of Regents of N.M. State Univ.*, 45 P.3d 876, 888 (N.M. 2002) ("the State has not waived its constitutional sovereign immunity from direct FLSA claims"). Plaintiffs argue that New Mexico expressly waived sovereign immunity by NMAC § 1.7.4.14, promulgated under the State Rules Act which is New Mexico's equivalent to the Federal Procedure Act. Doc. 10, pp. 3-4; *see* NMSA § 14-4-1

*et seq.* Therefore, the propriety of dismissal of this case turns on whether the Legislature waived the State's immunity to suit alleging violations of the FLSA by enacting the State Rules Act, which is the procedural vehicle for the promulgation of NMAC Rule 1.7.4.14.

The purpose of the State Rules Act is to provide notice. *State v. Joyce*, 614 P.2d 30, 33 (N.M. App. 1980). It expressly conditions validity and enforceability of a rule upon filing as required by that Act. NMSA § 14-4-5. Plaintiffs argue the State Rules Act authorizes agencies to issue rules which "explicitly or implicitly implement or interpret a federal or state legal mandate or other applicable law." (quoting NMSA § 14-4-2(F)). However, this is not a fair reading of the State Rules Act. This Act is procedural, and the reference relied upon by Plaintiffs is within the definition of "rule." Whether an agency has on file a rule implementing a federal mandate is quite a different question from whether the Legislature has waived its sovereign immunity against suit in a federal court. Plaintiffs point to nothing in this procedural statute which can be reasonably read to constitute a State waiver of sovereign immunity against suit in a federal court asserting a claim for damages under the FLSA against New Mexico.

Plaintiffs also argue NMAC Rule 1.7.4.14 constitutes New Mexico's waiver of Eleventh Amendment immunity. This rule was adopted and issued by the State Personnel Board under its authority to adopt a pay plan. *See* NMSA § 10-9-13(B). The rule provides "[t]ime worked in excess of 40 hours during the designated workweek shall be compensated in accordance with the provision of the *Fair Labor Standards Act* [29 U.S.C. Sections 201 to 262] for *Fair Labor Standards Act* covered, non-exempt employees." NMAC Rule 1.7.4.14(F). Plaintiff argues the text leaves no room for any reasonable

4

construction other than a waiver of sovereign immunity, and a failure to find this agency
rule amounts to a waiver will render the language of the rule meaningless or purely
aspirational. Doc. 10, p. 5.

The Court disagrees with Plaintiffs.  In deciding whether a State has waived its
constitutional protection under the Eleventh Amendment, a federal court "will find waiver
only where stated 'by the most express language or by such overwhelming implications
from the text as (will) leave no room for any other reasonable construction.'" *Edelman v.
Jordan*, 415 U.S. 651, 673 (1973), *overruled on other grounds by Will v. Mich. Dep't. of
State Police*, 491 U.S. 58 (1989) (citation omitted).  The rule relied upon by Plaintiffs
provides for overtime pay **in accordance with** the FLSA.  It says nothing about enforcing
this plan provision <u>in federal court</u> against the State as a direct FLSA claim.  Further, this
conclusion does not render the plan provision either meaningless or aspirational.  The
question presented to this Court is one of subject matter jurisdiction in the context of a
lawsuit against the State in federal court.  There is no question that state courts in New
Mexico employ a different method to determine whether the Legislature waived New
Mexico's immunity to suit in its own courts:

> We clarify that the method that this Court employs to determine
> whether the Legislature waived New Mexico's immunity to suit in its own
> courts is not the method employed by the federal courts to discern a waiver
> of state sovereign immunity to suit in federal court. While the federal courts
> may hesitate to look beyond the statutory text to discern a state's consent to
> suit in the federal courts, *see, e.g., Edelman* [415 U.S. at 673].  In *Cockrell*,
> this Court appropriately examined both the text and the purpose of a statute
> to determine the Legislature's intent to consent to suit in its own court.
> [Citation omitted.] The federal courts' determination of waivers of sovereign
> immunity to suit in federal court is guided by federalism concerns that do not
> bear upon this Court's determination of the Legislature's consent to suit in the

5

courts of New Mexico. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued.... [B]ecause of the problems of federalism inherent in making one sovereign appear against its will in the courts of the other, a restriction upon the exercise of the federal judicial power has long been considered to be appropriate...." (internal quotation marks and citation omitted)). Unlike the federal courts, when this Court interprets a statute to determine the Legislature's intent to waive sovereign immunity, we are concerned with the State's amenability to suit in *its own* courts.

*Ramirez v. State, CYFD*, 372 P.3d 497, 504-505 (N.M. 2016).

Therefore, because this Court dismisses the direct FLSA claim based on a different method in determining the question of waiver for purposes of its subject matter jurisdiction, the parties remain free to advance their arguments in state court on New Mexico's amenability to suit under the FLSA.

Having dismissed the FLSA claim, the Court must now decide what to do with the State's remaining state law claims. This is a court of limited jurisdiction, meaning it is authorized to hear only certain types of claims. Generally, state law claims are among those the court cannot decide, unless certain conditions are met. The condition that allowed the state claims to initially go forward in this case was that they related to the federal law claim. 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367(c)(3), the Court has discretion to continue to hear associated state claims, notwithstanding dismissal of the federal claims, but this is disfavored. *See King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018). Indeed, the Tenth Circuit has made clear that after dismissing federal claims, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Id.* (quoting *Smith*

*v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)).  Given this guidance from the Tenth Circuit and New Mexico's interest in the legal issues presented by Plaintiffs' First Amended Complaint, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### Conclusion

For all the above-stated reasons, New Mexico's motion to dismiss the direct FLSA claim is GRANTED, and the claim is dismissed without prejudice for lack of subject matter jurisdiction.  Having dismissed the only federal claim, the Court declines to consider the arguments made relating to the state law claims and dismisses those claims without prejudice.  The Clerk shall close this case.

Dated this 30th day of September, 2020.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE

7